CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
MAY 1 0 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 3:95-cr-00051-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| DAMIEN NELSON | ) | By: Hon. Norman K. Moon |
| | ) | United States District Judge |

This matter is before the court upon defendant Damien Nelson's motion pursuant to 18 U.S.C. § 3582(c)(2) for recalculation of his guideline and corresponding reduction of his sentence pursuant to Amendment 599 of the United States Sentencing Guidelines ("USSG"). Because Nelson did not receive an enhancement for using a weapon, the amendment is immaterial to his sentence. Accordingly, the court denies his motion.

**I.**

On July 26, 1996 a jury found Nelson guilty of: (1) conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371; (2) aggravated bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); and (3) use or possession of a firearm during and in relation to a violent crime, in violation of 18 U.S.C. § 924(c). Following the recommendation of the presentence investigation report ("PIR"), the court sentenced Nelson to 216 months incarceration on December 3, 1996. The sentence consisted of 60 months on the conspiracy charge and 96 months on the aggravated bank robbery charge, to run concurrently, and 120 months on the charge of use or possession of a firearm during and in relation to a violent crime, to be served consecutive to all other terms.

Pursuant to section 2K2.4(a) the USSG, when a defendant is charged with violating § 924(c), the court shall impose the term of imprisonment required by statute. In this case, the statute provides for a mandatory minimum sentence of 10 years on Nelson's charge of using or possessing a firearm

during and in relation to a violent crime. See 18 U.S.C. § 924(c)(1)(B)(i). Since the statute provided the term of imprisonment, the need for guideline computations of the sentence was not necessary. USSG § 2K2.4(a).

However, guideline provisions were calculated for Nelson's charges of conspiracy and aggravated bank robbery. For offense level computation purposes, the PIR grouped these two charges, pursuant to USSG § 3D1.2(a), because they involved the same victim and the same act. The base offense level for robbery is 20. USSG § 2B3.1. The only two enhancements applied to his offense level were: (1) a 2-point enhancement pursuant to § 2B3.1(b)(1)(A), because the property of a financial institution was taken, and (2) a 2-point enhancement pursuant to § 2B3.1(b)(6)(C), because the loss was more than $50,000, but not more than $250,000. No other enhancements were applied.

## II.

Effective November 1, 2000, the United States Sentencing Commission amended USSG § 2K2.4 with Amendment 599, which Nelson argues applies to his guideline calculation. Amendment 599 is intended "to clarify under what circumstances defendants sentenced for violations of § 924(c) in conjunction with convictions for other offenses may receive weapons enhancements . . . for those offenses." § 2K2.4. The Commission sought "to avoid the duplicative punishment that results when sentences are increased under both the statutes and the guidelines for substantially the same harm." Id. Amendment 599 has no application to a defendant whose guideline was not enhanced for the use of a weapon. See United States v. Ward, 2006 U.S. Dist. LEXIS 76015 (E.D. Va. Oct. 19, 2006); United States v. Lindsay, 2007 U.S. Dist. LEXIS 28407 (W.D. NC, Apr. 17, 2007). Therefore, because Nelson's guideline was not enhanced for the use of a weapon, the court finds that Amendment 599 is not applicable to his guideline calculation.

## III.

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** that Nelson's motion to modify his sentence pursuant to § 3582(c)(2) is **DENIED**.

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to defendant.

**ENTER**: This 10th day of May, 2007.

United States District Judge