# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 3:95cr00051-1 |
| v. | By: Norman K. Moon<br>Senior United States District Judge |
| DAMIEN NELSON. | 2255 MEMORANDUM OPINION |

Petitioner Damien Nelson, a federal inmate proceeding pro se, filed this "Petition for Redress of Grievances Under the First Amendment of the United States Constitution" which the court construes as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. By previous order, the court notified Nelson of the court's intention to construe and address his petition as a § 2255 motion, unless he expressly objected within ten (10) days. See Castro v. United States, 540 U.S. 375 (2003) (requiring court to give petitioner opportunity to elect whether criminal motion be addressed as § 2255 motion). At the same time, the court notified Nelson that his petition appeared to be untimely filed and gave him the opportunity to present any other information regarding the timeliness of his motion. Nelson did not object to the court's construction and did not respond on the issue of timeliness. The court finds that Nelson's motion is barred by the one-year state of limitations for filing a § 2255 motion, and, therefore, dismisses his motion as untimely pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.[1]

## I.

On December 3, 1996, after a jury found Nelson guilty of conspiring to commit bank robbery in violation of 18 U.S.C. § 371, aggravated bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c),

---

[1] The court notes that Nelson's § 2255 motion also appears to be successive.

the court sentenced Nelson to a total term of 216 months incarceration. Nelson appealed and the United States Court of Appeals for the Fourth Circuit affirmed his convictions on May 12, 1998. Neslon then filed a petition for writ of certiorari, which the Supreme Court of the United States denied on June 8, 1998. Nelson submitted his current § 2255 motion on July 20, 2010.

## II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. See § 2255(f). For purposes of the one-year limitations period, the defendant's conviction becomes final when the last appeal is taken, or the time to file such an appeal expires. See Clay v. United States, 537 U.S. 522, 528 (2003). Accordingly, Nelson's conviction became final on June 8, 1998, when the Supreme Court of the United States denied his petition for certiorari review. Therefore, a timely § 2255 motion would have to have been filed by no later than June 8, 1999. Nelson filed his motion on July 20, 2010. Despite being given the opportunity to amend his motion, Nelson does not offer any evidence to show that he was in any way prevented from timely filing his instant § 2255 motion. Furthermore, he has failed to allege any facts to show any other circumstances that would toll or start the statute running anew. Accordingly, the court finds Nelson's motion untimely.

## III.

For the reasons stated, the court dismisses Nelson's § 2255 motion to vacate, set aside, or correct sentence as untimely pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER:** This 23rd day of August, 2010.

Norman K. Moon
SENIOR UNITED STATES DISTRICT JUDGE